IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ZITO LLC, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-17-1733 |
| CRJ, INC. AND RIPKEN BASEBALL CAMPS & CLINICS LLC, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Zito LLC ("Plaintiff") filed suit against CRJ, Inc. and Ripken Baseball Camps and Clinics LLC ("Defendants"), alleging two counts of patent infringement in violation of 35 U.S.C. § 271(a) against Defendants. Now pending before the Court is Plaintiff's Motion to Amend Original Complaint for Patent Infringement (ECF No. 25), which Defendant opposes. The issues have been briefed (ECF Nos. 25 & 26), and no hearing is required, Local Rule 105.6 (D. Md. 2016). For the reasons explained below, Plaintiff's motion to amend will be GRANTED.

*I.  Background*

Plaintiff originally filed this patent infringement action against two corporate entities, CRJ, Inc. and Ripken Baseball Camps and Clinics LLC. The original complaint alleges that Defendants infringed two of Plaintiff's patents, U.S. Patent No. 7,398,921 ('921) and U.S. Patent No. 9,443,369 ('369), both of which are entitled "User-Specific Dispensing System." The complaint alleges, *inter alia*, that "Defendants use the Fungoman® FM-250 Automated Baseball Practice Machine" in a manner that infringes Plaintiff's patents. (ECF No. 1, Complaint ¶ 11.)

Attached to the complaint as exhibits are the two patents at issue (Exs. A & B) and "charts" describing Plaintiff's theory of infringement as to each patent (Exs. C & D).

## II. Legal Standard for Motion for Leave to Amend

In the circumstances presented here, when a plaintiff's motion is filed within the deadline that has been set in a scheduling order for filing motions for amendment of pleadings,[1] a motion for permission to amend the complaint is governed by Rule 15(a), which directs the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has stated that leave to amend under Rule 15(a) should be denied only in three situations: when the opposing party would be prejudiced, when the amendment is sought in bad faith, or when the proposed amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). A proposed amendment is considered futile if it cannot withstand a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

## III. Analysis

Defendants contend that Plaintiff's motion to amend fails in every respect—the amendment would be futile, it is sought in bad faith, and it would prejudice Defendants—and therefore it should be denied. Defendant, however, largely misconstrues Plaintiff's burden at this stage. None of Defendants' arguments have merit and therefore Plaintiff's motion will be GRANTED.

First, the proposed amendments would not be futile. Plaintiff seeks to amend its complaint by adding four additional defendants, each of which is connected to and or affiliated with one of the original named defendants. Plaintiff's proposed amended complaint also provides some additional detail for its infringement claims. Defendants contend that the proposed amendments would be futile because "none of the proposed additional defendants engages in any activities

---

[1] The deadline set by the Court for filing amendments of pleadings was September 18, 2017. (ECF No. 19, Scheduling Order.) Plaintiff filed his motion seeking leave to amend on September 18, thereby putting it just within the deadline set by the Court.

related to the alleged infringement under 35 USC §271." (ECF No. 26, Defs.' Opp'n to Pl.'s Mot. for Leave to File Am. Compl., at 2.) In support, Defendants attach the declaration of Ms. Diane Erickson, Senior Vice President Finance, for the proposed additional defendants. The Court declines to consider the declaration, however, because to do so would improperly convert Defendants' opposition to Plaintiff's motion to amend into a motion for summary judgment. *Cf. Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 281 (4th Cir. 2013) (noting that district court should not convert 12(b)(6) motion to one for summary judgment until parties are "afforded a reasonable opportunity for discovery" (quoting *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials.") Simply put, nothing on the face of Plaintiff's proposed amended complaint suggests that adding the four additional defendants would be futile. *See, e.g.*, *Ferrara v. Smithtown Trucking Co., Inc.*, 29 F. Supp. 3d 274, 282 (E.D.N.Y. 2014) (reasoning that defendant "cannot rely on . . . declarations . . . to demonstrate futility" because "[t]he Court's focus must be on the *pleading's* adequacy" (emphasis added)).

Next, Defendants argue that Plaintiff's motion to amend is sought in bad faith. First, they contend that Plaintiff failed to conduct an adequate investigation of the four additional entities before seeking to add them as defendants. In particular, Defendants take issue with Plaintiff's statement that it "learned through discovery that additional entities are infringing [its] patents." (ECF No. 25, Mot. to Am. Original Compl. for Patent Infringement, at 1.) Defendants contend

that because "no such discovery has taken place," Plaintiff's motion is in fact "predicated on an Internet search using the word 'Ripken.'" (ECF No. 26 at 2.) Again, Defendants misconstrue Plaintiff's burden on a motion to amend. Even assuming Defendants are correct that Plaintiff's explanation for adding the new defendants is inaccurate, Plaintiff need not have *good* cause to justify amending its complaint. Rather, the complaint simply must not be sought in *bad* faith. Here, Defendants erroneously conflate the apparent absence of good cause with the presence of bad faith—the two are not equivalent.

Defendants also argue that Plaintiff's amendment is sought in bad faith because it was filed on false pretenses. Defendants contend that Plaintiff in fact seeks to amend its complaint solely as a means to change its theory of infringement as set forth in Exhibits C and D to the original and proposed amended complaint. In other words, Defendants suggest that Plaintiff is using the current motion to amend merely as a vehicle to alter its theory of infringement, which it would not otherwise be able to alter. The problem with Defendants' bad faith argument is that it relies on a false premise—that Plaintiff could not revise its theory of infringement without amending its complaint. In reality, Plaintiff was entitled to revise its theory of infringement regardless of whether it sought to amend its complaint. Accordingly, Defendants' false pretense theory does not hold up.

A response to a motion to amend is not the proper procedural mechanism to challenge Plaintiff's theory of infringement. A Plaintiff's right to amend its theory of infringement is governed by the local—not federal—rules of civil procedure. "Local Rule 804.1(a) requires any party claiming infringement to file an initial disclosure of infringement contentions within 30 days from the date of the scheduling order." *Baltimore Aircoil Co., Inc. v. SPX Cooling Techs. Inc.*, No. CV CCB-13-2053, 2016 WL 4426681, at *15 (D. Md. Aug. 22, 2016); *see* Local Rule

4

804.1(a) (D. Md. 2016). Once the deadline has passed for providing initial disclosures, a plaintiff may not amend its theory of infringement absent "written consent of all parties or, for good cause shown, upon leave the Court." Local Rule 804.6 (D. Md. 2016). Here, Plaintiff attached exhibits to its complaint that included some of the information required to be disclosed within 30 days of the Scheduling Order pursuant to Local Rule 804.1.[2] The exhibits arguably include more information than is necessary to satisfy the Rule 8(a) pleading standard. Notably, Defendant has not moved to dismiss Plaintiff's complaint—either with or without the exhibits—for failure to state a claim. The fact that Plaintiff chose to include this additional information in its original complaint (well before it was obligated to disclose much of it pursuant to local rules for patent infringement claims) does not bear on Plaintiff's right to amend its complaint or, just as importantly, on its right to amend its infringement contentions. Simply put, the two procedures are governed by separate rules.

Moreover, Plaintiff was in fact entitled to amend its infringement contentions at the time it filed its motion to amend its complaint, a fact that significantly undercuts Defendants' argument that the motion to amend was filed solely as a means to sneak new theories of infringement in through the backdoor. Plaintiff was entitled to refine and amend its theory of infringement up until the deadline for disclosure set by the local rules (i.e., thirty days from the entry of a scheduling order), which happened to be the same date as the deadline set by the Court for filing amendments to pleadings. Plaintiff filed its motion to amend on September 18, 2017: thirty days from the date of the Scheduling Order in this case—i.e., within the deadline for disclosing

---

[2] Plaintiff's proposed amended complaint states that the exhibits describing its infringement theories are not intended to satisfy its initial disclosure requirements under the local rules: "The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule [sic] of Civil Procedure; they do not represent Plaintiff's preliminary or final infringement contentions . . . ." (ECF No. 25, Ex. 6 ¶ 32.) Defendants do not contend that Plaintiff has failed to comply with Local Rule 804.1. Accordingly, the Court assumes that the information required to be disclosed pursuant to that rule within thirty days of the entry of the Scheduling Order was in fact disclosed to Defendants, and Plaintiff's compliance with that rule is therefore not at issue here.

its initial infringement contentions. In other words, Plaintiff did not need to rely on false pretenses to revise its theory of infringement, and there is no indication it filed its motion to amend in bad faith as an improper vehicle to amend its initial infringement contentions.

Finally, Defendants summarily suggest that they would be prejudiced by the proposed amendments because "adding four additional, unrelated parties, would subject Defendants to needless and unnecessary discovery." (ECF No. 26 at 3.) As an initial matter, it is not clear why adding "unrelated parties" as defendants would subject the *current* Defendants to additional discovery, unless they are in fact related to the proposed additional defendants. In any event, aside from this conclusory claim, there is no indication that Defendants will in fact suffer any prejudice as a result of Plaintiff's minimal amendments, proposed well before the close of discovery. *Compare In re Rood*, 426 B.R. 538, 558 (D. Md. 2010) ("An amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." (quoting *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006))), *with Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) ("[P]rejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial."), *and Sharkey IRO/IRA v. Franklin Resources*, 263 F.R.D. 298, 301 (D. Md. 2009) ("A motion to amend may prejudice the non-moving party when the motion would shift the theory of the case . . . ."); *see also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case.").

*IV. Conclusion*

For the foregoing reasons, an Order shall enter GRANTING Plaintiff's Motion to Amend Original Complaint for Patent Infringement. (ECF No. 25.)

DATED this 13th day of December, 2017.

BY THE COURT:

/s/
James K. Bredar
Chief Judge